Railroad Commission of Texas v. St. Louis Southwestern Railway Company of Texas.

No. 1222.    Decided May 30, 1904.

**Railroad Commission—Sidings and Spurs.**

   The Act of Twenty-eighth Legislature (Laws, p. 93) requiring railway companies to build sidings and spur tracks when ordered by the Railroad Commission is to provide for the accommodation of business coming to such carriers, and does not empower the commission to require them to build switches or spurs away from their tracks to accommodate individual interests. (P. 68.)

Motion for rehearing on application for writ of error to the Court of Civil Appeals for the Third District, in an appeal from Travis County, which had been refused without written opinion.

The railway company sued for and had judgment enjoining the Railroad Commission from requiring it to construct a spur track to the premises of the lumber company, for the accommodation of its business. Defendants appealed and applied for writ of error on the affirmance of the judgment.

*C. K. Bell,* Attorney-General, for Railroad Commission, and *E. J. Mantooth,* for Angelina County Lumber Company.—The important question involved in this case is as to the proper interpretation of chapter 58, Acts of the Twenty-eighth Legislature, page 93.    The act, by its terms, very clearly shows that it was the intention of the Legislature to put it within the power of the Railroad Commission to compel a railroad company operating a line of railroad within this State to build and maintain sidings and spur tracks sufficient to handle such business as might be tendered it.    There is nothing in the act to indicate that the Legislature intended to limit the right of the Railroad Commission to requiring railroad companies to build sidings and spur tracks sufficient to handle the business of the general public.    This right the Railroad Commission already had (see sec. 2, art. 10, State Constitution; art. 4562, Rev. Stats.; Railroad Commission v. Houston & T. C. Ry. Co., 90 Texas, 340; Commonwealth v. Eastern Ry. Co., 103 Mass., 254; Railroad Commissioners v. Portland & O. Ry. Co., 63 Maine, 270), and it was evidently intended by the act to confer additional authority upon the Railroad Commission to that which it already possessed.

The reason for the passage of the law is manifest.    In many, in fact most cases, the railroad companies would be impelled by a proper regard

for their own interests to supply customers with adequate shipping and loading facilities, but it was doubtless known to the Legislature that in individual instances they would not do so. For this reason the law was passed, which certainly does not, by its terms, limit the authority of the Railroad Commission to the mere duty of compelling the railroad companies to furnish adequate facilities for the accommodation of the public.

If it should be contended that it was not within the power of the Legislature to require a railroad company to put in a siding for the exclusive benefit of another because such act would impair the obligation of a contract, or amount to the taking of the property of the corporation without compensation, two replies could be made to such contention.

By the Constitution of the State (section 16, article 1) and by the law (article 650 of the Revised Statutes), the right is reserved to the Legislature to alter, reform or amend the charter of corporations at any time, and the use of the siding would be for the benefit of the business of the road, and its compensation for the outlay would be its freights and tolls. Commonwealth v. Eastern Ry. Co., 103 Mass., 254; State v. Wabash Ry. Co., 83 Mo., 144.

It is a well known fact that sidings and spur tracks have been put in by the railroads for many private concerns, and the law was passed to prevent favoritism in this respect, which favoritism is expressly prohibited by the first subdivision of article 4574, Revised Statutes.

### ON MOTION FOR REHEARING.

BROWN, Associate Justice.—The Twenty-eighth Legislature enacted the following statute:

"Section 1. That all railroads in Texas shall be required to build sidings and spur tracks sufficient to handle the business tendered such railroads when ordered to do so by the Railroad Commission as hereinafter provided.

"Sec. 2. Power is conferred on the Railroad Commission of Texas to require compliance by railroad companies with the provision of section 1 of this act, under such regulations as said commission may deem reasonable, and all railroad companies shall be subject to the penalties prescribed by law for failure to comply with the requirements of the Railroad Commission as provided herein." Laws 28th Leg., p. 93.

The language "the business tendered such railroads" refers to freight and passengers which come to the railroad from the public for transportation as a public highway. The intention of the Legislature was to require all railroad companies to provide all necessary means for accommodating such business. It was not intended to require railroad companies to construct "switches and spur tracks" away from their lines to accommodate individual interests. The law does not empower the commission to compel railroad companies to construct such tracks as are required in this case.

The motion for rehearing is overruled.

*Overruled.*